ROOP *v.* SEATON.

Where a cause of action on a written instrument had accrued, but was not barred at the time the Code took effect, the time allowed for the commencement of the action would be five years from July 1, 1851.

The non-joinder of one of two joint payors of a promissory note, cannot be set up as a bar to the action in the answer, but would be good cause for demurrer.

A petition seeking to recover against one as on a several promise, cannot be supported by a joint note against two which contains no several promise.

*Appeal from Mahaska District Court.*

*Opinion by* GREENE, J. This action was commenced by William Seaton, against B. Roop, on two promissory notes, one of which became due August 3, 1845, and the other August 3, 1846. The notes were joint and signed B. & W. C. Roop. The petition was filed September 3, 1852. The defendant's answer set up ; 1 The statute of limitations. 2 That the defendant could not be sued alone on the joint notes described in the petition. This demurrer, was overruled and judgment rendered against Roop, for the amount of the two notes.

1. Were the notes barred by the statute of limitation? At the time the Code took effect, the right of action was not barred against either of the notes under the Rev. Stat. The Code declares in reference to the limitations of actions, that when causes of action have already occurred, and are not yet barred, the time allowed for the commencement of such actions shall not be less than one-half of the period prescribed in the Code, § § 1671,1672. The time prescribed on written contracts, is ten years. It follows that the right of action on their notes would not be barred till five years elapsed from the time the Code became operative, and therefore not till July 1, 1856. Upon this point then, the answer was demurrable.

2. The petition is against B. Roop alone, but seeks to recover upon a joint note made by B. & W. C. Roop. The Code provides that persons severally liable, or jointly and severally liable on the same instrument, may all or any part of them be joined in the same action, §§ 1681, 1682. But not so with persons jointly liable only on the same instrument. As the notes were joint only, the action upon them, should have been joint. W C. Roop, should have been joined. But can this non joinder be set up in the answer as a bar or defense to the action? We think not. This objection should have been raised by demurrer to the petition. Upon both points then, the demurrer to the answer was properly sustained.

3. On the trial, defendant objected to the introduction of the joint notes as evidence in an action against him alone. But the court overruled the objection and admitted the notes in evidence. In this we think the court erred. Where the petition seeks to recover against a single individual upon a several promise, as upon a joint and several promise, a note, containing a joint promise only, shows too wide a variance to be admissible in evidence.

Judgment reversed.

*Charles Negus*, for appellant.

*G. G. Wright*, for appellee.